**THE HASSETT LAW FIRM, P.L.C.**
1221 E. Osborn Road
Suite 200
Phoenix, Arizona 85014
Fax (602) 264-6541
(602) 264-7474

Myles P. Hassett, No. 012176
mph@hassettlawfirm.com
Julie K. Moen, No. 024255
jkm@hassettlawfirm.com
Jamie A. Glasser, No. 029729
jamie@hassettlawfirm.com
*Attorneys for State Farm Mutual*
*Automobile Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Moon J. Yee and Virginia Y. Yee, a married couple,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company<br><br>Defendant. | NO.<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL** |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this notice of removal to the United States District Court for the District of Arizona and states as follows:

1. On July 31, 2014, this action was commenced against State Farm under the caption of *Moon J. Yee and Virginia Y. Yee, Plaintiffs v. State Farm Mutual Automobile Insurance Company*, *Defendants* in the Superior Court of Arizona, County of Pima, Cause

No. C20144159. A copy of the petition and complaint, certificate of compulsory arbitration, and affidavit of service are attached as *Exhibit A.* Defendant was served with the summons and complaint by service upon the Arizona Department of Insurance on August 4, 2014.

2. According to the complaint, Plaintiff is an Arizona resident. Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation.

3. This court has original jurisdiction over this civil action under 28 USC §§ 1332 and 1441 because the action is between citizens of different states. While State Farm disputes that Plaintiffs would be entitled to the damages sought even if successful on their claims, the Complaint nonetheless seeks an amount in excess of this Court's $75,000 jurisdictional threshold. Plaintiffs allege tortious bad faith and breach of contract claims against State Farm arising out of claims for uninsured motorist ("UM") coverage, and seek contract benefits, consequential damages, general damages, attorney's fees, and costs. *See* Complaint, p.3, lines 1-7. Specifically, Plaintiffs allege their UM coverage limits are applicable to the damages and injuries they alleged to have suffered in the subject July 29, 2013 automobile accident. Plaintiffs' automobile insurance policy with State Farm contained $100,000 per person/$300,000 per accident limits of UM coverage. In correspondence to State Farm dated May 8, 2014, Plaintiffs' attorney Tammy R. Carter indicated that Moon Yee sought $140,000 in settlement of his claim and Virginia Yee sought $100,000 in settlement of her claim. Since the May 8, 2014 letters to State Farm, State Farm paid Virginia Yee $30,202.28 from her UM coverage, and to date has not issued payment to Moon Yee.

The amount in controversy for purposes of establishing jurisdiction may include any specific amount of damages alleged as well as unliquidated damages claimed by the plaintiff. *See Burk v. Medical Savings Ins. Co.*, 348 F. Supp. 2d 1063, 1067 (D. Ariz. 2004). Additionally, a claim can include attorney's fees incurred to obtain contract benefits. *Id.* at 1068 and A.R.S. § 12-341.01. A claim for bad faith can also include damages for pain, humiliation, inconvenience, and pecuniary losses. *See Filasky*

*v. Preferred Risk Mut. Ins. Co.,* 152 Ariz. 591, 597-98, 734 P.2d 76, 82-83 (1987). Here, the categories of damages alleged by Plaintiff easily satisfy the amount in controversy in this case. Plaintiffs claim they were denied benefits under a policy carrying $100,000 per person and $300,000 per accident limits of underinsured motorist coverage with State Farm. As described above, in correspondence to State Farm dated May 8, 2014, Plaintiff Moon Yee's attorney indicated she believed Mr. Yee's claim for UM coverage benefits was worth $140,000 and that Ms. Yee's claim for UM coverage benefits was worth $100,000 (of which $30,202.28 has been paid by State Farm). Further, Plaintiffs' claim for bad faith would be in addition to any damages awarded for their breach of contract claim. Thus, the amount in controversy exceeds the jurisdictional requirement. *See* 28 U.S.C. §1441(b).

     4.    Written notice of the filing of this notice of removal will be given to all adverse parties as required by law and a true copy of this notice will be filed with the Clerk of the Superior Court of the State of Arizona for the County of Pima.

     5.    A notice of filing notice of removal was filed with the Pima County Superior Court in the original of the attached **Exhibit B.**

     WHEREFORE, State Farm Mutual Automobile Insurance Company requests that this action be removed to this Court.

     RESPECTFULLY SUBMITTED this 3rd day of September, 2014.

     THE HASSETT LAW FIRM, P.L.C.

By: *s/ Julie K. Moen*
    Myles P. Hassett
    Julie K. Moen
    Jamie A. Glasser
    *Attorneys for Attorneys for State Farm Mutual Automobile Insurance Company*

Original e-filed this 3rd day of September, 2014 with:

Clerk of United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona 85003

Copy mailed and delivered via e-filing system this 3rd day of September, 2014 to:

Tammy R. Carter, Esq.
Goldberg & Osborne
660 West Valencia Road
Tucson, Arizona 85706
*Attorney for Plaintiff*


 _s/ Terry S. Montague_____
80-0491/Notice of Removal